## WALKER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

No. 4563.

**I. Criminal law &#9382;1035(3).**

Error could not be predicated on swearing of two jurors after testimony of several witnesses, where only objection was to swearing of jurors, and there was no request that testimony be given nor read again, or that mistrial be declared.

**2. Jury &#9382;148(2).**

Practice of swearing jury at beginning of term and not in each case, is disapproved.

**3. Criminal law &#9382;783½.**

Where testimony of transporting liquor after time of conspiracy charged was not objected to until cross-examination, when instruction was requested, instruction that it was not evidence for which defendant could be convicted *held* sufficient, in view of apparent satisfaction therewith.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Luther Walker was convicted of conspiracy to transport intoxicating liquor, and he brings error. Affirmed.

Fred C. Houk, of Knoxville, Tenn., for plaintiff in error.

Wilbur W. Piper, Asst. U. S. Atty., of Knoxville, Tenn. (Geo. C. Taylor, U. S. Atty., of Knoxville, Tenn., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. Walker was convicted of conspiracy to transport intoxicating liquor. As his codefendants were acquitted, his conviction under the proofs stands upon his co-operation with an unknown man, who escaped at the time of the seizure and has never been identified; but this basis is sufficient. The evidence, though circumstantial, was enough to give substantial support to the jury's conclusion that Walker aided and participated in the transportation which was proved, rather than that he was innocently standing by.

[1] After several witnesses had testified for the government, it was discovered that two of the jurors had not been sworn. Thereupon the juror's oath was administered to them, and the trial proceeded. We find it unnecessary to consider the general arguments forcefully made regarding the inviolability of the right to a jury trial, proceeding in its entirety before a jury duly sworn, When this objection was made, and the omitted oath had been administered, it would have been a procedure safe beyond question to start the trial over again and repeat the testimony. A reasonable substitute for this, and one which would at least ordinarily cure the defect, would be to read to the completed jury the testimony which had been given, perhaps with such opportunity as defendant might desire for further cross-examination. The suggestion of such reading was made by the district attorney. The court thought it unnecessary. Defendant's counsel in no way indicated that he desired or wished

the testimony to be given again or read again, or that he desired a mistrial to be declared. He contented himself with objecting to the swearing of the two jurors and excepting thereto. It is quite clear that there was no error in the only step to which exception was thus reserved.

[2] It is suggested that this confusion occurred because the court was following a Tennessee practice, by which the jurors of the regular panel are sworn in a wholesale way at the opening of the term, and are not sworn specifically to perform their duty as jurors in a particular case after they are selected therefor. The practice is analogous to that by which the known witnesses expected to be called for both sides are, as a preliminary to the trial, sworn in a group, and not individually, after being called to testify. We have observed in some records confusion in this matter also, so that additional witnesses sometimes testify not under oath at all. The practice in both respects is obviously loose and unsafe. Whether error is involved by reason of a departure from trial essentials we do not consider; but we venture to suggest that trial judges give careful thought to the question whether such practices are consistent with the dignity and effectiveness which should attend federal court trials.

[3] A question of evidence is also presented. Testimony was received to the effect that Walker had been seen transporting, and had admitted transporting, liquor on one or two occasions, a few days after the event which was the basis of the conspiracy charge, and in matters disconnected therefrom. It is not clear that there was error in receiving this testimony, although it is near the line of what may be permitted as showing intent. One of the theories of fact which the government's evidence tended to support was that Walker, though perhaps not actually transporting liquor at the time of this event, was driving a pilot car for another car which was following him, and which was heavily loaded with liquor. From this point of view, Walker's intent in performing his admitted acts was important. Did he intend to guide and aid the car just behind him, or was he free from any connection with it? The fact that within the next few days, and in the same general territory, and coming from the same producing section, he was actually transporting liquor, was not so certainly immaterial to the question of intent as to be clearly inadmissible; but here again the point was not properly saved for review, and

we do not intend to decide it. A witness testified fully to Walker's admission concerning such later transportation. This testimony was received without objection, and not until during cross-examination did Walker's counsel call attention to it, and ask that the jury be instructed not to observe it. With another witness, practically the same situation arose. The court did not exclude the testimony, but indicated he would consider the subject further. Later the objection was renewed, and a motion made to exclude this line of testimony; whereupon the court instructed the jury that "it is not evidence for which the defendant could be convicted in this case." Apparently defendant's counsel was satisfied.

Finding no prejudicial error, the judgment is affirmed.